**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Dustin Collins,

Plaintiff,

v.

Officer C. Plank, et al.,

Defendants.

Case No. 2:25-cv-01579-ART-DJA

**ORDER**

Under 28 U.S.C. § 1915 Plaintiff Dustin Collins is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 10). Before the Court is Plaintiff's motion for appointment of counsel (ECF No. 17). Because Plaintiff has not demonstrated exceptional circumstances, the Court denies Plaintiff's motion without prejudice.

**I. Discussion.**

This is Plaintiff's second motion for the appointment of counsel. (ECF No. 17). Plaintiff's first motion for the appointment of counsel was denied without prejudice in a prior order by the Court for failure to show exceptional circumstances. (ECF No. 10). In his current motion, Plaintiff argues that the Court should appoint counsel because his case is complex for two reasons. (ECF No. 17). First, he explains that—according to Defendants—he will be subject to cross-examination, and he feels unsafe without an attorney during those proceedings. (*Id.* at 4). Second, he believes that the original investigation underlying his claims lacks credibility because it was conducted by co-employees of Defendants in this case. (*Id.*). He adds that he has no legal background like law school and bar licensure; he is unsure how to state his claims "in a way that the Court will allow [*sic*] to be remedied"; he cannot effectively put his claims in writing due to anger and a lack of concentration concerning the underlying facts of his claims; and he struggles with the "language of the law" because he spoke in ebonics during his youth. (*Id* at 3.).

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

The Court denies Plaintiff's motion because, at least at this stage of the case, Plaintiff has not demonstrated the exceptional circumstances that would warrant appointing counsel. Upon review of Plaintiff's complaint and supporting documents, Plaintiff's case is in the very early stages of litigation and the likelihood of success on the merits is unclear. Moreover, Plaintiff has already demonstrated an ability to articulate his claims considering the complexity of the legal issues he has alleged.

//

//

//

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 17) is **DENIED WTHOUT PREJUDICE**.

DATED: September 9, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE